**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YONGSHOU LIN, | No. 07-74987 |
| Petitioner, | Agency No. A095-301-590 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 29, 2010[**]

Before:     ALARCÓN, LEAVY, and GRABER, Circuit Judges.

Yongshou Lin, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). Our jurisdiction is

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252. We review for substantial evidence findings of fact, including adverse credibility determinations, *Chebchoub v. INS*, 257 F.3d 1038, 1042 (9th Cir. 2001), and we deny in part and dismiss in part the petition for review.

The forensic expert's testimony and report provide substantial evidence to support the agency's finding that Lin submitted a fraudulent fee receipt from his alleged arrest for practicing Falun Gong. *See Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) (fraudulent documents going to the heart of the claim may justify an adverse credibility finding). Substantial evidence also supports the agency's adverse credibility determination based on the discrepancy between Lin's testimony and the Notice to Detainee's Family Member or Work Unit he submitted regarding the date of his alleged arrest. *See Pal v. INS*, 204 F.3d 935, 938 (9th Cir. 2000) (inconsistencies between testimony and documentary evidence support an adverse credibility finding). In the absence of credible testimony, Lin's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Lin's CAT claim is based on the same statements found to be not credible, and he fails to point to any other evidence in the record to establish it is

more likely than not he would be tortured if returned to China, substantial evidence supports the agency's denial of CAT protection. *See id*. at 1156-57.

Finally, we lack jurisdiction to review the IJ's discretionary denial of voluntary departure, 8 U.S.C. §§ 1229c(f), 1252(a)(2)(B)(i), and Lin's unexhausted contention that his former attorney provided ineffective assistance of counsel, *see Ontiveros-Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**